# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**BARBARA ETCITTY,**

    **Plaintiff,**

**v.**                                                                                          **No. 15-cv-0892 SMV**

**NANCY A. BERRYHILL,[1]**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 18] ("Motion"), filed on May 24, 2016. The Commissioner responded on August 18, 2016. [Doc. 21]. Plaintiff replied on September 1, 2016. [Doc. 22]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 9]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that substantial evidence does not support the Administrative Law Judge's ("ALJ") reasons for rejecting the opinion of the treating physician. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings.

### Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. §§ 404.970(b) and 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence submitted to the Appeals Council. *See* Tr. 7, 711–30

undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the sequential process, the claimant has the burden to show that: (1) she is not engaged in "substantial gainful activity"; and (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) either meet or

equal one of the "Listings"[3] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on July 12, 2012.  Tr. 25.  She alleged a disability-onset date of May 1, 2012.  *Id.*  Her claims were denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Michael S. Hertzig held a hearing on April 2, 2014.  *Id.*  Plaintiff appeared with her attorney and her adult daughter, Eileen Harry.  Tr. 25, 60.  The ALJ heard testimony from Plaintiff, Ms. Harry, and an impartial vocational expert ("VE"), Mary Diane Weber.  Tr. 25, 60–101.

The ALJ issued his unfavorable decision on May 13, 2014.  Tr. 34.  At step one, he found that Plaintiff had not engaged in substantial gainful activity since the onset date of her alleged disability.  Tr. 27.  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id.*  There, he found that Plaintiff suffered from the following severe impairments:  "seronegative rheumatoid arthritis and anemia with status

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

post hysterectomy[.]" *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 28.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 28–33. In doing so, the ALJ rejected the opinions of Plaintiff's treating physician, Erin Nealon, D.O., as to Plaintiff's functional limitations and, instead, adopted the opinions of the non-examining physicians, Drs. Whaley and Malak. Tr. 29, 30, 32–33 (ALJ's rejecting Dr. Nealon's opinions); Tr. 32 (ALJ's adopting the opinions of Drs. Whaley and Malak). The ALJ found that "[Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) with occasional climbing." Tr. 28. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 33. At step five, the ALJ found that, based on Plaintiff's RFC, age, education, and work experience and the testimony of the VE, Plaintiff could perform work that exists in significant numbers in the national economy. Tr. 33–34. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims. Tr. 34.

After the ALJ denied the claim, Plaintiff submitted additional evidence to the Appeals Council. Tr. 2. The Appeals Council accepted the evidence and made it part of the record. Tr. 2, 5, 711–30. Nevertheless, the Appeals Council found that it "[did] not provide a basis for changing the [ALJ]'s decision" and denied Plaintiff's request for review on August 10, 2015. Tr. 1−5. Plaintiff timely filed the instant action on October 6, 2015. [Doc. 1].

## Analysis

The ALJ failed to apply the correct legal standard in weighing Dr. Nealon's treating opinions. Additionally, his reasons for rejecting the opinions are not supported by substantial evidence. These errors matter because Dr. Nealon assessed more restrictive functional limitations than were ultimately adopted by the ALJ in the RFC. *Compare* Tr. 28 (ALJ's RFC), *with* Tr. 633–35 (Dr. Nealon's opinions). If proper consideration of Dr. Nealon's opinion affects the RFC, then steps four and five must be revisited accordingly. Therefore, the case will be remanded. The Court declines to address the other errors alleged by Plaintiff at this time.

Plaintiff contends that the ALJ erred in rejecting the medical opinion of Plaintiff's treating physician Dr. Nealon. [Doc. 18] at 15–19. The Commissioner disagrees and argues that the ALJ "had good reasons for discounting Dr. Nealon's opinion." [Doc. 21] at 11, 10–16. Plaintiff is correct.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

In order to receive controlling weight, treating physician opinions must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two distinct phases. First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

In this case, on May 6, 2014, Plaintiff's treating physician, Dr. Nealon, submitted a short letter along with her Medical Assessments of Ability to do Work-Related Activities

7

(Non-Physical) and (Physical).  Tr. 633–35.  In the letter, Dr. Nealon explains that Plaintiff is being treated for rheumatoid arthritis and has pain in her arms with intermittent swelling, with the pain and stiffness being the worst in the mornings.  Tr. 633.  In the Medical Assessment forms, Dr. Nealon opines that Plaintiff is moderately limited in her ability to maintain physical effort for long periods without a need to decrease activity or pace or to rest intermittently due to "arthritic pain in joints."  Tr. 634; *see* Tr. 635.  Plaintiff needs to rest or lie down at regular intervals because of her pain, which is "severe at times" and which can cause fatigue.  Tr. 635.  Dr. Nealon further opined that Plaintiff:

- Can lift and/or carry (including upward pulling) less than 10 pounds only occasionally due to arthritis in the hands, wrists, and elbows;

- Has limited capacity for pushing and pulling with the upper extremities due to swelling and stiffness associated with rheumatoid arthritis;

- Can only occasionally kneel, stoop, crouch, or crawl;

- Cannot perform repetitive handling or fingering, bilaterally, due to occasional swelling, as well as stiffness of the joints which limits range of motion and strength; and

- Has limited capacity for bilateral reaching in all directions (including overhead) due to occasional swelling as well as joint stiffness which limits range of motion and strength

Tr. 635.  Dr. Nealon also expressly indicated that there was "no clinical evidence" of any limitation in Plaintiff's ability to stand, walk, or sit.  *Id.*

The ALJ gave three reasons for rejecting Dr. Nealon's opinion (and, instead, adopting a less restrictive RFC).  First, he found that the opinion was not consistent with Plaintiff's testimony that she was not able to stand or walk for any appreciable distance.  Tr. 30.  Second, he found that Dr. Nealon's opinion was based on Plaintiff's subjective complaints "rather than

on actual findings." Tr. 32.   Third, he found that the opinion "substantially departed from the rest of the evidence of record." Tr. 33.

The Court finds that these reasons are legally insufficient because they address only phase one of the treating physician analysis.  These reasons (if supported by substantial evidence) may explain why Dr. Nealon's opinion was not entitled to controlling weight, but that is not the end of the analysis.  The ALJ must then discuss how much weight to accord the opinion based on the phase-two factors.  Although ALJs need not address every factor at phase two, some distinct step-two findings are required to determine what amount of weight, if any, the opinion should receive.  *E.g.*, 20 C.F.R. §§ 404.1527, 416.927; *Watkins*, 350 F.3d at 1300–01; Social Security Ruling 96-2p; *see generally Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003) (explaining the origin and evolution of the treating physician rule, which was formally codified 25 years ago).  Here, the ALJ made phase-one findings, but he stopped there.  Having found that Dr. Nealon's opinion was not entitled to *controlling* weight, the ALJ erred in proceeding directly to finding that the opinion was entitled to *no* weight.  Rather, the ALJ was required to make further findings based on the phase-two factors to determine how much weight, if any, the opinion should be accorded.  This he did not do.

Additionally, in the context of the evidence and, in particular, the ALJ's other findings, the Court finds that the ALJ's reasons for rejecting Dr. Nealon's opinion are not susceptible to meaningful review and therefore lack the substantial evidence required to affirm the decision.

First, Dr. Nealon opined that Plaintiff had no restrictions in walking or standing because there was "no clinical evidence of this." Tr. 635.  Plaintiff, however, testified that she could not

9

stand for more than 10 or 15 minutes or walk more than 100 feet. Tr. 74–75. Not surprisingly, the ALJ found that that the doctor's opinion and Plaintiff's testimony were inconsistent. It would make sense to find that such inconsistency undercut Plaintiff's credibility. Confusingly, though, the ALJ's finding is the other way around. He found that the inconsistency undercut the doctor's opinion, which seems to the Court to be a non sequitur. It simply does not follow that where a treating doctor finds no functional limitation (because there is no clinical evidence to support it) but the patient reports trouble in that area, the doctor's opinion merits less weight.

To even further blur the ALJ's line of reasoning, he also rejected Dr. Nealon's opinion because "it was based on [Plaintiff's] subjective complaints rather than actual findings." Tr. 32. Of course, as described above, the ALJ had already rejected the opinion because it did not reflect Plaintiff's subjective reports about her ability to stand and walk. Tr. 30. So, the Court struggles to understand how a medical opinion should be rejected because it does not reflect the patient's subjective complaints and also does reflect them. Besides, there is not substantial evidence to support the latter half of the ALJ's finding, i.e., that the opinion was not based on "actual findings." Dr. Nealon explicitly attributed her opinion to Plaintiff's "arthritis," "rheumatoid arthritis," and "ROM [range of motion]." Tr. 364–35. These are not subjective complaints. They are objective medical findings, and the ALJ must have accepted them because he found the rheumatoid arthritis was a medically determinable, severe impairment at step two. Tr. 27.

The third reason given by the ALJ for rejecting Dr. Nealon's opinion was that it "depart[ed] substantially from the rest of the evidence of record." Tr. 33. However, two pages earlier in his decision, the ALJ found "there was considerable evidence in [the] file from treating

and examining physicians, which are generally consistent and provide ample evidence to support a disability decision." Tr. 31. These findings—that Dr. Nealon's opinion is both inconsistent with and consistent with the other evidence—are contradictory and do not allow for meaningful review. For these reasons, the Court finds that the ALJ's reasons for rejecting the treating opinion of Dr. Nealon are not supported by substantial evidence. Remand is required for reconsideration of Dr. Nealon's opinion.

At this time, the Court declines to address whether Plaintiff's other alleged errors (i.e., that the ALJ erred in his evaluation of the third-party statements from Plaintiff's sister and adult daughter) constitute reversible error. *See generally* Social Security Ruling 06-03p, 2006 SSR LEXIS 5, *15–16 ("Although there is a distinction between what an adjudicator must *consider* and what the adjudicator must *explain* in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from [third party lay witnesses] or otherwise ensure that the discussion of the evidence . . . allows a . . . subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.") (emphases added).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse . . . [Doc. 18] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**